PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT (State Bar No. 89395)
ASSISTANT UNITED STATES TRUSTEE
HATTY YIP (State Bar No. 246487)
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
725 S. Figueroa St., Suite 2600
Los Angeles, CA 90017
Telephone No. (213) 894-1507
Facsimile No. (213) 894-2603
Email: hatty.yip@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>COLOR SPECTRUM NETWORK, INC.,<br><br>Debtor(s). | Case Number 2:11-bk-42383-ER<br><br>Chapter 11<br><br>OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL DIP ORDERS (A) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING; AUTHORIZING USE OF CASH COLLATERAL; (B) USING OF CASH COLLATERAL; AND (C) GRANTING OTHER RELIEF<br><br>DATE:    August 4, 2011<br>TIME:    11:00 a.m.<br>PLACE:   Courtroom 1568<br>         255 E. Temple St.<br>         Los Angeles, CA 90012 |

THE UNITED STATES TRUSTEE (hereinafter "U.S. Trustee") has reviewed the Emergency Motion of Debtor for Entry of Interim and Final DIP Orders (A) Authorizing Debtor to Obtain Post-Petition Financing; Authorizing Use of Cash Collateral; (B) Using of Cash Collateral; and (C) Granting Other Relief (hereinafter the "Cash Collateral Motion") and hereby objects as follows:

The U.S. Trustee objects to the Cash Collateral Motion on the grounds that no proposed budget has been attached and that the provisions approving the § 506(c) waiver and fees and

1 expenses in the proposed order should not be approved at the current time.

<u>Proposed Budget</u>:

In the Cash Collateral Motion, the Debtor did not submit any proposed budget for its post-petition expenses sought to be paid through cash collateral. Without a budget, it is impossible for the Court, the United States Trustee, and other creditors to determine whether the use of the cash collateral is reasonable and necessary.

Under Federal Rules of Bankruptcy Procedure ("FRBP") 4001(b)(1)(B), a motion for authority to use cash collateral shall include all material provisions including: (i) the name of each entity with an interest in the cash collateral; (ii) the purposes for the use of the cash collateral; (iii) the material terms, including duration, of the use of the cash collateral; and (iv) any liens, cash payments, or other adequate protection..." FRBP 4001(b)(2) specifically provides that "If the motion so requests, the court may conduct a preliminary hearing before such 14 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Local Bankruptcy Rule 4001-2(e) states: "The court may grant interim relief to prevent immediate and irreparable harm to the estate pending a final hearing."

Without a proposed budget, it is virtually impossible to determine what amount of cash collateral to be used by Debtor is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Therefore, Debtor should be required to include a proposed budget pending the final hearing.

<u>§ 506(c) Waiver</u>

Debtor also seeks a waiver of 11 U.S.C. § 506(c).[1] Local Bankruptcy Rule 4001-2(e) states: "In the absence of extraordinary circumstances, the court will not approve an interim order that includes any of the provisions described in subsection (b)(1)-(7) of this rule." LBR 4001-2(b)(3) includes provisions that "[w]aives or limits the estate's rights under 11 U.S.C. § 506(c)." Debtor has not met its burden to prove "extraordinary circumstances" warranting approval of any

---

[1] *See* Exhibit "C" to the Cash Collateral Motion.

-2-

§ 506(c) waiver at this interim stage. Therefore, this provision should not be approved by the Court.

<u>Fees and Expenses</u>

The attached proposed order at paragraph 12 states: "All fees, costs, charges and expenses required to be paid by the Debtor to the Factor under the Factoring Agreement are hereby approved...None of the Factor's costs, fees, charges, or expenses shall be required to be maintained in accordance with the U.S. Trustee guidelines, and no recipient of any such payment shall be required to file any interim or final fee application with the Court." However, the Cash Collateral Motion does not specify or describe what these fees and expenses include. The Statement of Facts mentions: "As of July 15, 2011, the Debtor owed the following sums to AR:...(c) for attorneys' fees and costs pursuant to the terms of the Factoring Agreement."[2] It is currently unclear whether the fees and costs included within paragraph 12 of the proposed order include any pre-petition fees and costs owed. Further, without additional information, it is impossible to ascertain whether said fees and costs are reasonable. Approval of said fees and costs at this point is premature and may be harmful to the estate. Thus, the Court should not approve the fees and costs at this time.

Therefore, the Court should require Debtor to include a proposed budget prior to approval of the Cash Collateral Motion in order to make the required finding that the proposed use of cash collateral is necessary avoid immediate and irreparable harm to the estate pending a final hearing. Further, the Court should not approve the § 506(c) waiver or the fees and expenses at the current time.

WHEREFORE, the U.S. Trustee prays that, this Court sustain the U.S. Trustee's objection, and for such other and further relief as is just.

DATED: August 2, 2011                    UNITED STATES TRUSTEE

                                         By:  HATTY YIP
                                              Trial Attorney

---

[2] *See* Cash Collateral Motion at 2.

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

725 S. Figueroa St., Suite #2600, Los Angeles, CA 90017

A true and correct copy of the foregoing document described as **OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL DIP ORDERS (A) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING; AUTHORIZING USE OF CASH COLLATERAL; (B) USING OF CASH COLLATERAL AND (C) GRANTING OTHER RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **8/2/11**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Andrew A Goodman    agoodman@goodmanfaith.com
- Dare Law    dare.law@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip    hatty.yip@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **8/2/11**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
DEBTOR: Color Spectrum Network, Inc., 180 N. Glendora Avenue, Suite 203, Glendora, CA 91741
DEBTOR'S ATTY: Andrew A Goodman, Goodman Faith LLP, 21550 Oxnard St Ste 830, Woodland Hills, CA, 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **8/2/11**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
The Honorable Ernest M. Robles, Judge Robles's Courtesy Bin outside Suite 1560, 255 E. Temple St., Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/2/11 | DELORIS OWENS | /s/ Deloris Owens |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**